UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE McLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No.  08 C 1830 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | Magistrate Judge Keys |
| COUNTY OF COOK, d/b/a COOK COUNTY HIGHWAY DEPARTMENT, | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Elaine McLaughlin ("McLaughlin"), by and through her attorneys, Barry A. Gomberg & Associates, Ltd., and as and for her Complaint against the Defendant alleges as follows:

### PARTIES

1. McLaughlin is Caucasian and a resident of the State of Illinois residing in Cook County at 10018 S. Bell Avenue, Chicago, Illinois 60643.

2. Defendant is a department of the County of Cook with jurisdictional authority over pavement, bridges, traffic signals and pumping stations within Cook County, Illinois.

### JURISDICTION AND VENUE

3. The claims against Defendant are for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991.  McLaughlin also brings a claim of race discrimination pursuant to 42 U.S.C. § 1981.

4.	Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as these claims arise under the laws of the United States of America.

5.	Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as McLaughlin's residence, the Defendant's business, and the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

## COUNT I – TITLE VII – RACE DISCRIMINATION

6.	McLaughlin re-alleges and incorporates as if fully set forth herein paragraphs 1 though 5 above.

7.	McLaughlin has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination (Caucasian) with the Equal Employment Opportunity Commission ('EEOC"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein.

8.	McLaughlin has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B and incorporated herein.

9.	In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

10.	As a result of Defendant's discriminatory conduct, as aforesaid, McLaughlin has been damaged in her career and has otherwise suffered monetary and non-monetary damage.

WHEREFORE, Plaintiff Elaine McLaughlin prays for judgment against Defendant as follows:

A.  For an award of compensatory damages to McLaughlin's injury to her career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.  For attorneys' fees and costs of this suit; and

C.  For such other and further relief as is just and equitable.

## COUNT II – TITLE VII – RETALIATION

11.  McLaughlin re-alleges and incorporates as if fully set forth herein paragraphs 1 though 10 above.

12.  Defendant, by its agents and employees, engaged in the retaliatory conduct described in the Charge of Discrimination, attached hereto as Exhibit A, and incorporated herein by reference.

WHEREFORE, Plaintiff Elaine McLaughlin prays for judgment against Defendant as follows:

A.  For an award of compensatory damages to McLaughlin's injury to her career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.  For attorneys' fees and costs of this suit; and

C.  For such other and further relief as is just and equitable.

## COUNT II – RACE DISCRIMINATION - § 1981

13.  McLaughlin re-alleges and incorporates as if fully set forth herein paragraphs 1 though 12 above.

14.　　As a result of Defendant's aforesaid discriminatory conduct, McLaughlin has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory and other damages pursuant to U.S.C. § 1981a.

WHEREFORE, Plaintiff Elaine McLaughlin prays for judgment against Defendant as follows:

A.　　For an award of compensatory damages to McLaughlin's injury to her career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B.　　For attorneys' fees and costs of this suit; and

C.　　For such other and further relief as is just and equitable.

Respectfully submitted,

ELAINE McLAUGHLIN

By:
　　s/ Brian S. Schwartz

Barry A. Gomberg
Brian S. Schwartz
Barry A. Gomberg & Associates. Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, IL 60604
(312) 922-0550

4

**CERTIFICATE OF SERVICE**

To:    Michael D. Jacobs
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602

    I, Brian S. Schwartz, certify that I caused a true and correct copy of the attached First Amended Complaint to be served on the above-named counsel of record via CM/ECF filing and regular mail on April 16, 2008.


        s/ Brian S. Schwartz

5

# EXHIBIT A

Case 1:08-cv-01830  Document 8-2  Filed 04/16/2008  Page 1 of 3

U.S. GPO 1985 0 482 051

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy ct Statement on reverse before completing this form | ☐ IDHR<br>☒ EEOC |

ILLINOIS DEPARTMENT OF HUMAN RIGHTS and EEOC
*(State or local Agency, if any)*

| NAME (Indicated Mr., Ms., or Mrs.)<br>Elaine McLaughlin | HOME TELEPHONE NO. (Include Area Code)<br>(773) 206-3955 | |
|---|---|---|
| STREET ADDRESS<br>10018 South Bell Avenue | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60643 | COUNTY<br>Cook County |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>Cook County Highway Department | NO. OF EMPLOYEES/MEMBERS<br>15+ | TELEPHONE NUMBER (Include Area Code)<br>(312) 603-1770 |
|---|---|---|
| STREET ADDRESS<br>69 West Washington | | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60602 |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE |

| CAUSE OF DISCRIMINATION BASED ON.(Check appropriate box(es)).<br>☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ AGE  ☒ RETALIATION  ☐ OTHER (Specify) Disability | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE<br>*(Month-day, year)* March 2, 2007 |
|---|---|

OCT 17 2007

THE PARTICULARS ARE *(If additional space is needed, attached extra sheet(s)):*

I. I was hired by the County in April 2002 as an Administrative Assistant 5 and transferred to the Highways Department in 2005 and served as a Division Head of General Records.

II. From March 2005 and continuing, I performed my job duties satisfactorily.

III. I believe I was subjected to discrimination on the basis of my race (White), in that:

   A. At all times during my employment, I have performed my job duties satisfactorily.

   B. From January 2007 and continuing I have been harassed by Respondent's Bureau Chief, Herb Schumann (White) and other Managers and Directors (White), because of my race.

   C. On one occasion, on or about January 25, 2007, Respondent's Time-Keeper, Maria Aviles (Hispanic) and Alicia Mincey (Black) argued with me about my time-card.

   D. On March 2, 2007, I was disciplined for the January 25, 2007 incident.

   E. Respondent did not discipline Maria Aviles or Alicia Mincey for the January 25, 2007 incident.

   F. On one occasion, on or about January 19, 2007, Rene Chandler (non-white) struck Leann Nixon (non-white).

   G. Neither Ms. Chandler nor Ms. Nixon were disciplined.

   H. On March 20, 2007 I submitted a request for FMLA flexible time schedule to begin in March 2007 due to my son's illness.

   I. On March 21, 2007 I began working from 7:30 a.m. to 3:30 p.m.

Elaine McLaughlin
Charge of Discrimination
Page 2 of 2

J. After filing my FMLA and several grievances (not related to FMLA), on July 12, 2007, I received a letter from my supervisor, Herb Schumann indicating that my 7:30 a.m. to 3:30 p.m. schedule (which I had been working 3 months without complaint) was not approved.

K. On January 25, 2007, February 15, 2007, June 25, 2007 and July 9, 2007, I wrote several memos to my supervisor, Herb Schumann, stating that my subordinate, Alex Moreno (Hispanic) had difficulty performing ordinary job related tasks and reported that in my opinion, Mr. Moreno exhibited various degrees of incompetence performing ordinary job related tasks.

L. On July 13, 2007, I became aware that Mr. Schumann gave Mr. Moreno a promotion to a grade 23 position and a substantial raise.

M. I have more seniority and more experience than Mr. Moreno and was not given the opportunity to apply for Respondent's Grade 23 position.

Retaliation

N. On or about July 31, 2007, subsequent to filing grievances on January 25, 2007, February 8, 2007 and March 6, 2007 and complaint #2007E044AA with the Cook County Commission on Human Rights and, my position was eliminated.

O. On or about July 31, 2007, subsequent to filing my complaint #2007E044AA, I was transferred from 69 West Washington, Chicago to Respondent's District #3 in LaGrange, Illinois.

P. The transfer to Respondent's LaGrange facility also violates my Family and Medical Leave status.

IV. As a result of the aforementioned discrimination, Respondent has caused Complainant to suffer extreme emotional distress.

V. As a result of the aforementioned discrimination, Respondent has caused Complainant to suffer pecuniary loss.

---

☒ I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

*[Signature: Elaine M. McLaughlin]*

I declare under penalty of perjury that the foregoing is true and correct.

Notary Stamp

"OFFICIAL SEAL"
Vivian McCray
Notary Public, State of Illinois
My Commission Exp. 03/14/2008

NOTARY - (When necessary to meet State and Local Requirements)

*[Signature: Vivian McCray]*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT
*[Signature: Elaine M. McLaughlin]*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

# EXHIBIT B

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5072 9417

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Ms. Elaine M. McLaughlin
10018 South Bell Avenue
Chicago, IL  60643

February 5, 2008

Re:  EEOC Charge Against Cook County Highway Department
     No. 440200800397

Dear Ms. McLaughlin:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     Cook County Highway Department