## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE McLAUGHLIN, | ) | |
| | ) | 08 C 1830 |
| Plaintiff, | ) | |
| vs. | ) | HONORABLE JUDGE |
| | ) | ELAINE E. BUCKLO |
| COUNTY OF COOK d/b/a | ) | |
| COOK COUNTY HIGHWAY DEPARTMENT, | ) | MAGISTRATE JUDGE |
| | ) | ARLANDER KEYS |
| Defendant. | ) | |

### DEFENDANT COUNTY OF COOK'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COMES** the Defendant, COUNTY OF COOK, by and through its attorneys, RICHARD A. DEVINE, State's Attorney of Cook County, and MICHAEL D. JACOBS, Assistant State's Attorney, and submits this answer, affirmative defenses and jury demand to Plaintiff's First Amended Complaint:

### PARTIES

1. McLaughlin is Caucasian and a resident of the State of Illinois residing in Cook County at 10018 S. Bell Avenue, Chicago, Illinois 60643.

   **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph.

2. Defendant is a department of the County of Cook with jurisdictional authority over pavement, bridges, traffic signals and pumping stations within Cook County, Illinois.

   **ANSWER:** Defendant admits the allegations contained in this paragraph.

## JURISDICTION and VENUE

3.  The claims against Defendant are for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991. McLaughlin also brings a claim of race discrimination pursuant to 42 U.S.C. § 1981.

> **ANSWER:** Defendant admits that Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, as well as 42 U.S.C. § 1981, but denies taking any action which would entitle Plaintiff to any relief.

4.  Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as these claims arise under the laws of the United States.

> **ANSWER:** Defendant admits that jurisdiction is proper, but denies taking any action which would entitle Plaintiff to any relief.

5.  Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as McLaughlin's residence, the Defendant's business, and the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

> **ANSWER:** Defendant admits that venue is proper, but denies taking any action would entitle Plaintiff to any relief.

## COUNT I – TITLE VII – RACE DISCRIMINATION

6.  McLaughlin re-alleges and incorporates as if fully set forth herein paragraphs 1 through 5 above.

> **ANSWER:** The defendant repeats and re-alleges his answers to paragraphs 1 through 5 above and incorporates them by reference as his answer to paragraph 6 as if fully set forth herein.

7.  McLaughlin has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race discrimination (Caucasian) with the Equal Employment Opportunity Commission ("EEOC"), a true and correct copy of which is attached hereto as

Exhibit A and incorporated herein.

**ANSWER**: Defendant makes no answer to the allegations in this Paragraph because they seek to elicit responses to legal conclusions. To the extent that an answer may be required, Defendant denies them.

8. McLaughlin has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B and incorporated herein.

**ANSWER**: Defendant makes no answer to the allegations in this Paragraph because they seek to elicit responses to legal conclusions. To the extent that an answer may be required, Defendant denies them.

9. In direct violation of Title VII, Defendant engaged in the race discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated by reference.

**ANSWER**: Defendant denies the allegations contained in this Paragraph.

10. As a result of Defendant's discriminatory conduct, as aforesaid, McLaughlin has been damaged in her career and has otherwise suffered monetary and non-monetary damage.

**ANSWER**: Defendant denies the allegations contained in this Paragraph.

## COUNT II – TITLE VII – RETALIATION

11. McLaughlin re-alleges and incorporates as if fully set forth herein paragraphs 1 through 10 above.

**ANSWER**: The defendant repeats and re-alleges his answers to paragraphs 1 through 10 above and incorporates them by reference as his answer to paragraph 11 as if fully set forth herein.

12. Defendant, by its agents and employees, engaged in retaliatory conduct described in the Charge of Discrimination, attached hereto as Exhibit A and incorporated herein.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

## COUNT III – RACE DISCRIMINATION – § 1981

13. McLaughlin re-alleges and incorporates as if fully set forth herein paragraphs 1 through 12 above.

> **ANSWER:**   The defendant repeats and re-alleges his answers to paragraphs 1 through 12 above and incorporates them by reference as his answer to paragraph 13 as if fully set forth herein.

14. As a result of Defendant's aforesaid discriminatory conduct, McLaughlin has suffered injury to her career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory and other damages pursuant to U.S.C. §1 1981a.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

**WHEREFORE,** Defendant, County of Cook prays for judgment in its favor and against Plaintiff Elaine McLaughlin.

## AFFIRMATIVE DEFENSES

Defendant offers the following affirmative defenses to plaintiff's allegations:

1. Plaintiff fails to state a claim upon which relief may be granted.
2. No tangible employment action was taken against plaintiff.
3. Defendant exercised reasonable care to prevent and correct promptly any inappropriate behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.
4. Plaintiff has not suffered any damages.
5. Plaintiff failed to mitigate damages.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, defendant, Cook County, hereby demands a jury trial.

        Respectfully submitted,

        Richard A. Devine
        State's Attorney of Cook County

By:    s/Michael D. Jacobs____
        MICHAEL D. JACOBS
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        312-603-3401
        ARDC # 06193268